SGOBEL & DAY v. ROBERTSON.

(Circuit Court, S. D. New York.   October 3, 1893.)

N. S. 18,568.

1. CUSTOMS DUTIES—TIMELINESS OF PROTEST.

At the time of the original liquidation of duty on an importation of merchandise, the importers failed to protest against the exaction of duty on certain charges; but later, on the reliquidation of the entry solely to include a damage allowance, they filed a protest against the duty on the charges, which had not been affected in any way by the reliquidation. *Held*, that the protest was within the requirement of section 2931, Rev. St. U. S., that protests against excessive exactions of duty shall be filed "within ten days after the ascertainment and liquidation of the duties."

At Common Law.

Action by Sgobel & Day, importers, against William H. Robertson, collector of customs at the port of New York, to recover excessive duties assessed on an importation per Oregon, April 8, 1884. On May 10, 1884, the entry was liquidated, duty being assessed on certain charges, but no protest was then filed against the collector's action. On August 23, 1884, the entry

was reliquidated solely to include a damage allowance. The importers then filed a protest against the duty on the charges, which had not been affected in any way by the reliquidation; the protest being lodged with the collector within 10 days after the reliquidation. The only question controverted before the court was whether the protest was filed within the time required by sections 2931, 2932, Rev. St. U. S., where it is provided that decisions of collectors of customs as to the rate and amount of duties on imported merchandise shall be final and conclusive, except in case where, "within ten days after the ascertainment and liquidation of the duties," protest shall be filed with the collector.

Edward Hartley, for the importers.

Henry C. Platt, Asst. U. S. Atty.

LACOMBE, Circuit Judge. It seems to me that the decision in Robertson v. Downing, 127 U. S. 607, 8 Sup. Ct. 1328, 32 L. Ed. 269, is entirely conclusive. The point was flatly before the court there, and they flatly passed upon it, and expressed their meaning in unmistakable language. A verdict is directed for the plaintiffs for $901.80.