Los Angeles Trading Co. *v.* United States[1]

United States Customs Court, First Division

(Decided November 30, 1938)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

[1] C. D. 62.

Before McClelland, Sullivan, and Brown, Judges; Sullivan, J., concurring; McClelland, P. J., concurring in part

Brown, Judge: This suit against the United States was brought at Los Angeles, Calif., to recover excess duties claimed to have been illegally exacted upon an importation of medicinal preparations when the entry was originally liquidated and which were not refunded when the entry was reliquidated in consequence of the decision and judgment of the First Division of the Customs Court as published in T. D. 47507.

The protest reads as follows:

* * * The reasons for objection under the tariff act of 1922 are as follows:

No allowance was made in the ad valorem duty on the 1344 pounds of merchandise which under the decision of the United States Customs Court, reported in T. D. 47507, was found not dutiable.

Furthermore, duty should have been assessed on the entered weights of the entire merchandise.

In a former protest, number 410767–G, two claims were made:

One, that the merchandise was dutiable under the tariff act of 1913 at the compound rate of 20 per centum ad valorem and 20 cents per pound instead of under the tariff act of 1922 at the compound rate of 40 cents per pound and 25 per centum ad valorem as assessed.

Two, that a shortage of 1344 pounds had occurred while the merchandise was in enforced customs custody on which shortage no duties of any kind were assessable.

This court sustained both the foregoing claims, the decision being reported in T. D. 47507, 67 Treas. Dec. 195. The judgment to carry out said decision reads as follows:

* * * that the protest is sustained and that the collector of customs at the port of Los Angeles shall refund to the plaintiff herein all duty on 1,344 pounds of the merchandise shown to have leaked or been destroyed in bonded warehouse; that the remainder of the importation of Ng Ka Py, covered by the instant protest is properly dutiable under paragraph 16 of the Tariff Act of 1913 at the rate of 20 cents per pound and 20 per centum ad valorem; and that the collector of customs at the port of Los Angeles shall reliquidate the entry and refund to the plaintiff herein the excess duties collected.

It appears that, in reliquidating the entry, there was not included in the refund of duty on the 1,344-pound shortage the 25 per centum ad valorem duty originally assessed thereon. Thereupon the instant protest was filed.

At the trial of the present case at Los Angeles on February 7, 1938, Herbert L. LeClere, a customs liquidator, called as a witness in behalf of the plaintiff, testified that he had liquidated the entry here in question and had not included the 25 per centum ad valorem duty in the refund on the 1,344-pound shortage because he did not consider that the value depended on the weight at all.

In that he committed error. He should have allowed not only the specific duty on the 1,344 pounds held to have been short but he should have allowed also the proportionate amount of the ad valorem duty which the 1,344 pounds bore to the total weight used. The value here was a settled matter. That claim in the protest we sustain.

The protest also claims that the method of calculating the total weight was wrong, as estimated from gauging, and that the entered weights should have been taken. That claim could have been advanced on protest of the previous liquidation, but, not having been advanced then, now it is too late, for the reason that an *involuntary* reliquidation by the collector deals only with matters affected by the court's judgment and does not open up matters unaffected by the court's judgment to re-protest and judicial review. This claim, therefore, we overrule.

Judgment will issue in accord with the foregoing decisions.

CONCURRING OPINION

SULLIVAN, Judge: This protest, addressed to the collector of customs at the port of Los Angeles, so far as pertinent, reads as follows:

Protest is hereby made against your liquidation or your decision assessing, imposing or collecting duty, fees, or other exactions, or excluding any merchandise from entry or delivery, or your refusal to reliquidate for clerical error, in connection with the entries or other matters referred to below. The reasons for objection under the tariff act of *1922* [italics ours] are as follows:

No allowance was made in the ad valorem duty on the 1344 pounds of merchandise which under the decision of the United States Customs Court, reported in T. D. 47507, was found not dutiable.

Furthermore, duty should have been assessed on the entered weights of the entire merchandise.

It is further claimed that no duty should have been assessed as the merchandise was never imported from a foreign country as provided in Title I, section 1, or that duty should have been imposed at the rate of 10 per cent or 20 per cent under paragraph 1459 or at the rate at which entered. It is claimed that the merchandise is dutiable directly under the paragraphs or sections referred to, or by reason of similitude or of component material of chief value under the provisions of paragraph 1460, or by virtue of section 502 (c). Each of the claims asserted herein is made with the proviso and condition that the rate claimed is lower than the rate assessed. This protest is intended to apply to all goods covered by the entries referred to, of the same kind or character as the goods specified, whether or not particularly enumerated herein.

Then follows the entry number, Wh. 288; Vessel S. S. *West Carmona;* the date of entry or arrival, April 21, 1922; and the date of reliquidation, April 24, 1935, followed by the signature "Los Angeles Trading Co. By Harper & Harper, Attorneys."

It will be observed that the Tariff Act of 1922 went into effect on September 22, 1922, yet the merchandise was entered five months

prior thereto. It would seem that the Tariff Act of 1913 was applicable to this case, and not that of 1922.

This case arose by reason of the decision and judgment of this court, in *Los Angeles Trading Co.* v. *United States*, T. D. 47507, 67 Treas. Dec. 195, relating to protest 410767-G.

Protest 410767-G was filed in the customhouse at Los Angeles, Calif. It claims as follows:

All the merchandise should be classified at 20¢ per pound and 20 per cent or at 40¢ per pound and 20 per cent under paragraph 16 of the Tariff Act of October 3,. *1913*, or at $2.60 per proof gallon under paragraph 237 of said act, or at said rate of $2.60 per gallon under paragraphs 237 and 239 of said act.

*Allowance should be made for shortage of the merchandise.*

Allowance should be made for shortage of the merchandise occurring in the U. S. Bonded Warehouse between the period when the merchandise was seized,. detained or technically seized or detained, until the time the merchandise was. released by the Collector.

From the collector's report the merchandise consisted of "Ng. Ka. Py an alcoholic medical preparation, over 20% not over 50% alcohol,. @ 40¢ per lb. and 25%. Mdse. considered dutiable on the quantity ascertained on first examination."

He stated under "Reasons and authority for action" "Par. 24, Tariff Act of *1922*. T. D. 41236 on this mdse."

This merchandise was entered on April 21, 1922, *five months before the Tariff Act of 1922 went into effect*, yet in the former case, protest. 410767-G, the collector assessed it with duty under the Tariff Act. of 1922, rather than under that of 1913.

We decided protest 410767-G on January 29, 1935 (T. D. 47507,. *supra*). Judge Brown wrote the major opinion; Judge Sullivan, a. concurring opinion; and Judge McClelland, a dissenting opinion.

Judge Brown said in his opinion (page 198):

There can be no doubt that the importer was entitled to enter for consumption; under the Tariff Act of 1913 after his merchandise arrived at the port of Los Angeles on January 3, 1922. The uncontradicted evidence is that he was prevented from so doing. Again, after (in the dilemma he was in) being compelled to make a warehouse entry in April 1922, he was still, until September 17, 1922,. entitled to withdraw his merchandise from warehouse and enter it under the 1913 rates, for consumption. The uncontradicted evidence is that he tried to do so repeatedly but was prevented by the customs officials on account of the ruling of the Prohibition Bureau.

Consequently, it seems clear that the claim in the protest claiming classification; under the act of 1913 must be sustained.

\*     \*     \*     *     \*     \*     \*

\*  \*  \*   The sum of it all is that a total shortage of 1,344 pounds was shown; to have occurred while the merchandise was under seizure and all the time in the control of the Government and during which period the plaintiff had no control' over the merchandise in spite of repeated efforts to regain possession of his property by entering for consumption. When at last the merchandise was released; after having for five years been illegally withheld from the owner, the plaintiff

herein, the amount actually restored to the plaintiff was found to be 1,344 pounds less than the amount the Government admits taking into custody.

The holding was as follows (page 200):

* * * we are holding that, in the circumstances of this case, the act of 1913 applies, while the collector after release classified under the act of 1922, and we also hold that the duty on the shortage should be refunded while the collector allowed nothing for shortage.

*       *       *       *       *       *       *

We sustain the claim for refund of the duties taken by the collector on 1,344 pounds found to be short as well as for classification as a medicinal compound under paragraph 16 of the Tariff Act of 1913.

The writer in his concurring opinion held:

SULLIVAN, Judge: The merchandise in question is dutiable under the Tariff Act of 1913 * * *. There is some doubt as to the amount of shortage * * *.

It being established that the merchandise was under the control of the Government and in its custody, and the Government not contending against the testimony offered by the plaintiff, it would seem that the amount shown by its testimony would be the correct amount of shortage.

The protest against the reliquidation by the collector of February 1st, 1926, was filed in time; therefore the merchandise was properly classifiable under the Tariff Act of 1913 at 20 cents per pound and 20 per centum ad valorem as provided for in paragraph 16 of that act.

Judgment should be entered accordingly.

The judgment, signed by Judge Brown and the writer, reads as follows:

* * * that the protest is sustained and that the collector of customs at the port of Los Angeles shall refund to the plaintiff herein *all duty* on 1344 pounds of the merchandise shown to have leaked or been destroyed in bonded warehouse; that the remainder of the importation of Ng Ka Py, covered by the instant protest is properly dutiable under paragraph 16 of the Tariff Act of 1913 at the rate of 20 cents per pound and 20 per centum ad valorem; and that the collector of customs at the port of Los Angeles shall reliquidate the entry and refund to the plaintiff herein the excess duties collected.  [Italics ours.]

It will be seen from the above that the collector was directed to refund to the plaintiff "all duty" on the 1,344 pounds of shortage.

The plaintiff's brief in protest 897164–G, now before the court for decision, and as to which Judge Brown has written an opinion, states the collector's action on the judgment in protest 410767–G as follows:

Following this decision the Collector reliquidated the merchandise at 20¢ per pound and 20 per centum ad valorem, and deducted from the duty so found an amount equal to 20¢ per pound on 1,344 pounds.

It is evident under the judgment heretofore quoted that the collector should have refunded "all duty" on the shortage, viz, not only the 20 cents per pound, which he did deduct, but in addition the 25 per centum ad valorem which he took on said shortage under paragraph 24 of the Tariff Act of *1922*; and that by reason of the fact that the merchandise was subject to duty under the Tariff Act of

1913 rather than that of 1922 the duty on the remainder was 20 cents per pound and 20 per centum ad valorem under paragraph 16 of the Tariff Act of *1913* rather than 25 per centum ad valorem and 40 cents per pound under paragraph 24 of the act of 1922, as erroneously assessed.

In other words, the collector only complied with part of the judgment in the former case, and should have refunded the 25 per centum ad valorem which he took on the shortage, in addition.

I concur in Judge Brown's conclusion, but have written the foregoing opinion for the sake of clarity.

### OPINION CONCURRING IN PART

McClelland, Presiding Judge: As disclosed in the concurring opinion of Judge Sullivan, when the issue which involved the question of allowance for breakage on the 1,344 pounds, together with the issue as to the classification of the merchandise, was decided, I dissented from the holding of the majority on the former issue on the following grounds: (1) That the Tariff Act of 1913 contained no provision conferring jurisdiction upon this court to pass upon such a question of shortage as was there involved, and (2) that even if it were conceded that this court had jurisdiction to pass upon the question of allowance for shortage, the fact remained that the plaintiff had not met the burden resting upon it of showing when or where or during what period and under what circumstances the alleged shortage occurred.

I am still of the same opinion, but nevertheless concur in the conclusion of my associates that it was incumbent upon the collector to obey the judgment rendered by them allowing the claim for breakage.