(C. D. 1380)

Moses Harvey Brotman v. United States

United States Customs Court, Third Division

(Decided December 11, 1951)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

Before Cline, Ekwall, and Johnson, Judges; Cline J., not participating

Johnson, Judge: The merchandise in this case consists of certain alcoholic beverages. The plaintiff claims that duty should be assessed upon the same quantity as the levy of internal revenue tax, in accordance with the provisions of paragraph 813 of the Tariff Act of 1930, as amended by the Act of June 8, 1948, Public Law 612. It is further claimed that the liquidation of July 18, 1945, had not become final on June 8, 1948, "because protest 75227 was pending on that date," and consequently allowance for losses in transit should be made under Public Law 612.

At the trial counsel for the Government moved to dismiss the protest as untimely, pointing out that the entry was liquidated on July 18, 1945, and again on October 19, 1948, pursuant to changes in the rate occurring by reason of the General Agreement on Tariffs and Trade, T. D. 51802, dated December 16, 1947; and that the protest was filed on November 5, 1948, against the liquidation of July 18, 1945. It was further stressed by the Government that a protest previously had been filed against the liquidation of July 18, 1945, upon the question of quantity, and had been abandoned on February

25, 1948. Thus, the liquidation against which the question of quantity had been raised had become final and conclusive before the passage of Public Law 612.

Counsel for the plaintiff contends that the original protest was not dismissed by the court until June 18, 1948, which establishes that the liquidation had not become final at the time Public Law 612 became the law. It was further contended that the liquidation of October 19, 1948, was made not only because of a change in the rate, but also because of quantity, as the liquidation shows that a hundred cases were exported on January 29, 1948, which would require a change in determination of quantity. Consequently, it is contended that a protest involving the quantity may be filed against the reliquidation, and inasmuch as Public Law 612 was then effective, the collector is required to reliquidate and assess duties upon the same quantity as internal revenue tax was assessed.

An examination of the entry discloses that the alcoholic beverages in question were entered at the port of San Francisco, after having been transported under immediate transportation entries from the port of Philadelphia. Immediate transportation entry 5399 covered 996 cases out of 1,000 cases imported, 992 of which arrived at San Francisco and were delivered to warehouse on July 2, 1944. Broken and missing bottles were reported by the inspector at that time. On August 12, 1944, four more cases arrived, each having broken and missing bottles. There was a total of 20 broken and 10 missing bottles in the shipments arriving at San Francisco. The entry was liquidated on July 18, 1945. Upon liquidation, according to the entry, allowance in the payment of internal revenue taxes only was made by the collector upon various lots of alcoholic beverages, as follows:

| | |
|---|---|
| 500 cases of Pale Dry sherry wine | 437 bottles |
| 300 cases of Golden sherry wine | 76 bottles |
| 100 cases of Amontillado Solera wine | 26 bottles |
| 50 cases of Pedro Ximenez wine | 28 bottles |
| 50 cases of Muscatel wine | 12 bottles |

There was no allowance made by the collector in the payment of duty on account of the foregoing shortages. The internal revenue tax on the basis of 2,250 proof gallons amounted to $1,220.51. The total liquidated duty amounted to $2,754.90. Protest against such liquidation, claiming that duty and internal revenue taxes were assessed on too great a quantity, and that the same should have been assessed only on the quantity withdrawn from warehouse was filed on September 17, 1945, which was 61 days after liquidation. Such protest, numbered 126401–K, collector's number 75227, was later abandoned, the decision thereon being promulgated on June 18, 1948, reported in Abstract 52397.

On October 19, 1948, the entry was reliquidated because of the fact that 100 cases of pale dry sherry containing 225 gallons were exported from warehouse on January 29, 1948. On reliquidation, the duty and tax thereon were remitted or refunded. It appears also from the reliquidation that 24 cases of Pedro Ximenez wine, amounting to 54 gallons, were in warehouse on January 1, 1948. Duty had been assessed thereon at the rate of 75 cents per gallon. The assessment was changed to 40 cents per gallon and the excess remitted or refunded.

The importer in brief of counsel concedes that its protest is without merit unless the court finds that the abandonment of the protest in itself does not make the liquidation of the entry final as of the date of the abandonment, but that the liquidation is final either at the date of the promulgation of the judgment or 60 days after such promulgation thereof, when time for appeal has elapsed, or that the reliquidation of October 19, 1948, opened up the question of dutiable quantity. As to the first point, plaintiff argues that on June 9, 1948, the effective date of Public Law 612, the liquidation of the entry was still open and the collector is bound to follow the mandates of Public Law 612. As to the second point, it is argued that the reliquidation reduced the rate of duty on some of the merchandise from 75 cents per gallon to 40 cents per gallon, and the gallonage by 225 gallons. Therefore, since the quantity was changed, a protest lies against the reliquidation.

The Government in brief of counsel contends that the first protest filed against the liquidation was a nullity from the beginning, and that the second protest was not directed against any question involved in the reliquidation.

It is the opinion of the court that protest 126401–K, which had been abandoned by the plaintiff, having been filed more than 60 days after liquidation, was a nullity and, with reference to the liquidation, the entry is in the same status as it would have been if such protest had never been filed. See *James Akeroyd & Son* v. *United States*, 19 C. C. P. A. (Customs) 249, T. D. 45341. The protest was a nullity from the beginning and it becomes immaterial when the decision of this court, including such abandoned protest, was promulgated. The effective date of the decision dismissing the protest would not have any effect upon the finality of the liquidation as to the dutiable quantity complained about in the protest for the reason that such protest was not timely filed.

The next inquiry is whether the reliquidation of the entry relative to the merchandise still in warehouse would revive a right granted an importer to file a protest against the amount of duty and internal revenue tax assessed by the collector in the first liquidation. The second protest filed against the reliquidation does not attack any action by the collector upon reliquidation. From all that appears,

the importer now wants the collector to assess duty upon the same quantities as used in calculating the internal revenue tax. Clearly the protest does not refer to the remission or refund of the customs duty and internal revenue tax upon the exported quantities of pale dry sherry wine, for the reason that the reliquidation shows that the duty, as well as the internal revenue tax, was remitted upon the 225 gallons exported. Respecting the change of the rate of duty upon the Pedro Ximenez wine, there is nothing appearing that the 24 cases containing 54 gallons had among them the 28 bottles upon which a remission of internal revenue tax was granted, but not the duty.

In the case of *F. W. Woolworth Co.* v. *United States*, 26 C. C. P. A. (Customs) 157, C. A. D. 10, the collector had reliquidated an entry in order to correct a clerical error in his calculation of the amounts of duty due on certain items of beach balls and earthenware, covered by an entry which also included tennis rackets. Although no change was made in the reliquidation relative to the tennis rackets, the importer filed two protests, one being directed against the collector's classification of tennis rackets. The other was against his classification of beach balls which was not the subject of the reliquidation. This court dismissed the protests as untimely. Upon appeal, the judgment of the lower court was affirmed for the reason that the protests did not attack any action taken by the collector upon reliquidation. The same situation prevails in the case at bar. The collector here in his reliquidation did nothing which is objected to in the protest.

For the reason stated, Government's motion to dismiss the protest is granted, and judgment will be entered accordingly.