(C. D. 1930)

AMERICAN WHALING COMPANY, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 23, 1957)

*Jerome G. Clifford* (*George W. Israel* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Dorothy C. Bennett* and *William J. Vitale*, trial attorneys), for the defendant.

Before JOHNSON and DONLON, Judges; DONLON, J., concurring

JOHNSON, Judge: This is a protest against the collector's re-reliquidation of June 18, 1953, following a decision and judgment of this court in *American Whaling Company, Inc.* v. *United States*, 30 Cust. Ct. 437, Abstract 57286, which case involved the question of whether certain items of equipment and expenses of repairs to the vessel "Frango" were dutiable under section 466 of the Tariff Act of 1930. It is now claimed that, instead of a refund of $13,761.50, the refund should have been in the sum of $26,824; that is, the sum of $13,062.50 paid pursuant to the liquidation of June 27, 1939, plus the sum of $13,761.50 paid pursuant to the liquidations of June 26, 1941, and of August 20, 1941.

At the first hearing of this case, the defendant moved to dismiss the protest on the ground that the re-reliquidation conformed with

the judgment of this court and that a protest does not lie against such a reliquidation, except on the question of whether or not the collector followed the judgment.

At the second hearing, the plaintiff moved to amend the protest by making the following additional claims:

1. The vessel is not documented under the laws of the United States to engage in the foreign or coasting trade, or intended to be employed in such trade.

The certificate of registry of the FRANGO documents it to engage in the "whale fishery" and hence, equipment or repairs or supplies furnished to the vessel in a foreign port are not subject to the payment of any customs duty under Section 466 of said Act.

2. In any event, equipment or repairs or supplies furnished to said vessel do not come within the purview of either section 446 or section 466 of the Tariff Act of 1930, and your decision assessing duties under said sections is erroneous and void.

Any duty paid is under compulsion and we demand a reliquidation thereof in accordance with our claim.

Decision on both motions was reserved.

The record and exhibits in *American Whaling Company, Inc.* v. *United States, supra*, decided April 29, 1953, were then incorporated herein, and the collector's letter of transmittal and the entry papers in this case were received in evidence.

The history of this case shows the following: On or about November 27, 1936, the master of the vessel "Frango" made entry of equipment purchased for and repairs made to said vessel in a foreign country, the details of which were to be furnished later. Exemption was claimed on the ground that the "Frango" was a whaling vessel engaged in the whale fisheries. The entry was liquidated on June 27, 1939, and duty was assessed in the sum of $13,062.50 under section 466 of the Tariff Act of 1930. This section provides that the equipment purchased for and the expense of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or the coasting trade shall, on the first arrival in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum of the cost thereof.

Thereafter, on June 26, 1941, the collector reliquidated the entry pursuant to section 521 of the Tariff Act of 1930, on the ground that there was probable cause to believe that there was fraud in the case. According to stipulation of counsel in the incorporated case, certain equipment furnished and repairs made to the "Frango" in a foreign country prior to entry did not appear on the original entry. The reliquidation of June 26, 1941, covered some of said items and "did not amend, alter, change or disturb the original liquidation or the items covered by the original liquidation, against which original liquidation no protest was timely filed."

On August 20, 1941, the entry was again reliquidated solely with respect to some of the items covered by the reliquidation of June 26, 1941.

Protests were filed against the liquidation of June 27, 1939, the reliquidation of June 26, 1941, and the re-reliquidation of August 20, 1941, but plaintiff later abandoned its claim as to the original liquidation and the first reliquidation. The protests claimed that the vessel "Frango" was documented for the whale fisheries and that, therefore, the equipment and repairs furnished in a foreign country were not subject to duty.

Prior to the trial in the incorporated case, it had been held by our court of appeals in *United States* v. *American Whaling Co., Inc.*, 38 C. C. P. A. (Customs) 164, C. A. D. 454, that the vessel "Frango" was documented for the whale fishery and not for foreign trade and that the statutes did not provide for any duty to be assessed on the cost of equipment and repairs incurred in a foreign port by a vessel documented to be employed in the whale fishery. Therefore, the Government conceded that the plaintiff was entitled to a refund of the duties collected under the 1941 reliquidations herein.

The following colloquy occurred at the conclusion of the trial:

JUDGE EKWALL: Is there any question as to the amount of the refund or is the record complete on that?

MR. ISRAEL: I think the record is complete that the amount assessed on the re-reliquidation was $13,761.50.

May I say this: the reliquidation cancelled the liquidation, and in turn the re-reliquidation cancelled the reliquidation for the reason that on the reliquidation there was assessed an increased duty of $26,178.50. That was cancelled by the collector and the final increase, and the only one we are concerned with, on the re-reliquidation was $13,761.50.

JUDGE EKWALL: What I mean is is the record clear on that?

MR. ISRAEL: I think it is. That is the amount, $13,761.50.

In view of the record and concession made by the Government, we held that the increase in duties in the reliquidations, to wit, $13,761.50, should be refunded. The judgment order provided:

IT IS HEREBY ORDERED, ADJUDGED and DECREED: that the protests in this case are sustained insofar as they pertain to the increase in duties resulting in the reliquidation and re-reliquidation of the entry V–2299, and the collector will re-reliquidate the entry and refund such increase in duties amounting to $13,761.50, in accordance with law. * * *

In accordance with said judgment, the collector re-reliquidated the entry on June 18, 1953, granting a refund of $13,761.50.

As has been stated, plaintiff claims that the refund allowed by the collector should have been in the sum of $26,824, the total amount of duties paid on this entry. It is plaintiff's contention that each succeeding liquidation cancels, vacates, and substitutes for the prior

liquidation; that, in each liquidation herein, the collector repeated his original error; that the equipment and repairs to this vessel were subject to duty under section 466; that section 514 authorizes the filing of a protest against a decision of the collector upon any question involved in a reliquidation, whether or not the question was involved in a prior liquidation or in the original liquidation; that the collector changed his classification of the "Frango" from a vessel documented to engage in foreign trade to that of a vessel documented to engage in the whale fisheries and that, therefore, all of the duty collected should have been refunded, since equipment and repairs to a vessel documented for the whale fisheries are not subject to duty.

Defendant contends that the protest should be dismissed on the ground that the collector reliquidated the entry in accordance with the mandate of the court and that such reliquidation is not subject to protest.

It is well settled that a reliquidation following a decision and judgment of this court is not a decision of the collector, which is subject to protest under section 514 of the Tariff Act of 1930, unless it fails to follow the mandate of the court. *United States* v. *Edward M. Poons Co. of Kobe, Inc.*, 18 C. C. P. A. (Customs) 283, T. D. 44451; *J. D. Nordlinger et al.* v. *United States*, 56 Treas. Dec. 270, T. D. 43601; *Smith* v. *United States*, 1 Ct. Cust. Appls. 489, T. D. 31527; *Fulghum & Co.* v. *United States*, 1 Cust. Ct. 284, C. D. 66; *Moses Harvey Brotman* v. *United States*, 27 Cust. Ct. 251, C. D. 1380. In *Schenley Distilleries, Inc.* v. *United States*, 40 C. C. P. A. (Customs) 202, C. A. D. 519, the court pointed out that there are two general classes of reliquidations: (a) Where the collector reconsiders and decides that an original liquidation by him was erroneous, and (b) where he reliquidates upon mandate from the courts. It was held that, in the latter case, the collector has no function to perform except the purely formal reliquidation and that the decision is that of the Customs Court, which, where no appeal is filed, becomes final and conclusive on all parties 60 days after its promulgation.

In the instant case, the collector followed the court's mandate and made refund in the sum set forth in the decision and judgment. He could not have reliquidated legally in any other manner. *Aris Gloves, Inc.* v. *United States*, 20 Cust. Ct. 102, C. D. 1091, and cases cited. Therefore, no protest will lie against his reliquidation.

Plaintiff has cited a number of cases as authority for the proposition that each succeeding liquidation is a new liquidation, canceling, vacating, and substituting for the prior liquidation. *Robertson* v. *Downing*, 127 U. S. 607; *Sgobel* v. *Robertson*, 7 Treas. Dec. 298, T. D. 25048, 126 Fed. 577; *United States* v. *Godchaux Sugars, Inc.*, 11 Ct. Cust. Appls. 529, T. D. 39678; *United States* v. *Parkhurst & Co. et al.*,

12 Ct. Cust. Appls. 370, T. D. 40522; *United States* v. *Fensterer &*
*Ruhe et al.*, 12 Ct. Cust. Appls. 410, T. D. 40586. These cases arose
under prior tariff acts, under which it had been held that a reliquida-
tion opened the entire original entry for protest. Even under these
statutes, it was held that, where a question of classification of mer-
chandise could have been raised by timely protest against the liquida-
tion, but was not, the matter was *res adjudicata* and could not be
brought up, after litigation on another issue, by way of a protest
against a reliquidation in conformity with the court's mandate.
*Smith* v. *United States, supra.*

Section 514 of the Tariff Act of 1930 provides: "The reliquidation
of an entry shall not open such entry so that a protest may be
filed against the decision of the collector upon any question not
involved in such reliquidation." Plaintiff has not cited any author-
ities for the proposition that this section authorizes the filing of a
protest upon any question involved in a reliquidation, whether or not
the question was involved in a prior reliquidation or in the original
liquidation. On the contrary, in *F. W. Woolworth Co.* v. *United*
*States*, 26 C. C. P. A. (Customs) 157, C. A. D. 10, where it was held
that a collector's voluntary reliquidation, correcting clerical error but
not reclassifying the merchandise, did not open the case to a protest
against the original classification, the court said (p. 161):

> We think that one of the things Congress had in mind when it added the new
> language in section 514 above quoted was exactly this kind of situation. One of
> the intended purposes of the legislation was to enable the customs authorities to
> correct error and leave these corrections subject to protest but not to open up for
> protest, after the sixty days from the original liquidation had expired, questions
> which could have been protested within sixty days from the prior liquidation.

See also *Los Angeles Trading Co.* v. *United States*, 1 Cust. Ct. 264,
C. D. 62, where the court, in considering a protest against a reliquida-
tion following a judgment, stated (p. 266):

> The protest also claims that the method of calculating the total weight was
> wrong, as estimated from gauging, and that the entered weights should have been
> taken. That claim could have been advanced on protest of the previous liquida-
> tion, but, not having been advanced then, now it is too late, for the reason that an
> *involuntary* reliquidation by the collector deals only with matters affected by the
> court's judgment and does not open up matters unaffected by the court's judgment
> to re-protest and judicial review. * * * [Italics quoted.]

In the instant case, the assessment of duty on the items of equipment
and repairs to the "Frango" included in the original entry could have
been questioned by way of a protest against the first liquidation. No
such protest was filed. The subsequent reliquidations, which were
protested, involved other items of equipment and repairs to the same
vessel. This court held that these latter items were not subject to
duty and a refund was ordered. When the collector reliquidated, in

accordance with the court's decision, he did not reclassify the merchandise; he merely followed the court's mandate and made refund of the precise amount set forth in the judgment. Plaintiff's claim that the collector changed his classification and that his reliquidation is subject to protest as to the items of equipment and repairs involved in the original liquidation is untenable. Any reclassification was done by the court, and the refund granted was limited to the duty assessed on the items of equipment and repairs in the 1941 reliquidations. If the decision of the court was in error, plaintiff's remedy was by way of petition for rehearing or appeal. Since no such action was taken, the decision and judgment have become final and conclusive on all parties.

On the view we take of the case, plaintiff's motion to amend the protest must be denied, since the proposed amendments raise issues not involved in the re-reliquidation of June 18, 1953. For the reasons stated, defendant's motion to dismiss the protest is granted.

Judgment will be rendered accordingly.

### CONCURRING OPINION

DONLON, Judge: I concur in the result, on the ground that the protested reliquidation was in accordance with the judgment of this court, a judgment from which plaintiff took no appeal.