HARVEY & Another *v.* UNITED STATES.

UNITED STATES *v.* HARVEY & Another.

APPEALS FROM THE COURT OF CLAIMS.

Argued January 13, 14, 1885.—Decided February 2, 1885.

In this case, before reported in 8 C. Cl. 501, 12 Id. 141, 13 Id. 322, and 105 U. S. 671, the Court of Claims, 18 C. Cl. 470, awarded to the claimants $16,250.95, for labor done and materials furnished by them in constructing coffer-dams, and in performing the work necessarily connected therewith, and preliminary to the mason work for the piers and abutments referred to in the contract. That court proceeded on the view that the claimants had no right to rely on the testimony of experts introduced by them, as to the value of the work, but should have kept and produced accounts of its cost and expense ; but it gave to the claimants the benefit of the testimony of experts introduced·by the United States, as to such value, in awarding the above amount: *Held,* That the claimants could not be deprived of reasonable compensation for their work because they did not produce evidence of the character referred to, when it did not appear that such evidence existed, if the evidence they produced was the best evidence accessible to them, and it enabled the court to arrive at a proper conclusion.

On evidence thus rejected by the Court of Claims, this court awarded to the claimants, for the above-named work, $40,093.77.

The Court of Claims having awarded nothing to the claimants for loss and damage from the reduction by the United States of the dimensions of piers and abutments, made subsequently to the making of the contract for doing the mason work thereof, on the view that it had before made an allowance for such loss and damage, this court, being of a different opinion, allowed $4,574.80 therefor.

Under § 1091 of the Revised Statutes, and the ruling in *Tillson* v. *United States,* 100 U. S. 43, interest cannot be allowed on the recovery, and there is nothing in the special act of August 14, 1876, ch. 279, 19 Stat. 490, which authorizes the allowance of interest.

The facts are stated in the opinion of the court.

*Mr. Enoch Totten* for Harvey & Livesey.

*Mr. Assistant Attorney-General Maury* for the United States.

Mr. Justice Blatchford delivered the opinion of the court.

This case was before this court at October Term, 1881, and is reported as *Harvey* v. *United States*, 105 U. S. 671. The history of it is there fully given, and, in connection with the reports of it in 8 C. Cl. 501, 12 Id. 141, and 13 Id. 322, what occurred in it prior to the decision of this court can be fully understood. The Court of Claims had dismissed the petition of the claimants, filed August 30, 1876, under the special act of Congress passed August 14, 1876, ch. 279, 19 Stat. 490. This dismissal involved the rejection of two items sued for in such petition: (1) Labor done, and materials furnished, by the claimants in constructing the coffer-dams, and in performing the work necessarily connected therewith, and preliminary to the masonry work for the piers and abutments, $75,000; (2) Loss and damages resulting to the claimants in consequence of the reduction of the dimensions of the piers and abutments, made subsequently to the making of the contract, $33,600. The decision of the Court of Claims in regard to item (1) was, that the claimants had not shown that the written contract did not express the intent of both parties as to the coffer-dams, and that, even if that court were satisfied that the claimants executed the contract in mistake of their rights, there was no evidence that the defendants shared the mistake. Its decision in regard to item (2) was, that it would be disposed to regard the case, on the facts, as one for equitable interposition, for the purpose of further inquiry, and the ascertainment of the rights of the parties in equity, if it had jurisdiction, but that the statute did not authorize it to entertain those considerations, because, in the proceedings before it, it could hear and determine only claims for labor done and materials furnished by the claimants under their contract with the defendants.

This court held that the ruling of the Court of Claims in regard to item (1)—the coffer-dams—was erroneous, and that, by the actual contract between the parties, the claimants were not to do any of the work covered by the claim made by them under item (1), and that the written contract must be reformed accordingly.

As to item (2), this court held, that the Court of Claims had

placed too limited a construction upon the special act of Congress, and that its power, under that act, extended to reforming the contract in respect to permitting the officers of the United States to materially vary the plans for the piers, so as to essentially change the obligations of the parties.

The decree of the Court of Claims was reversed, and the cause was remanded, with directions to proceed in it according to law and in conformity with the opinion of this court.

The Court of Claims, 18 C. Cl. 470, proceeded to determine what the claimants did in constructing coffer-dams, and in pumping the water from the space enclosed in them, and in excavations for the preparation of the beds for the masonry. It held, that, as the claimants had been notified, at the outset, that the defendants expected them to do such work, and had, on their part, notified the defendants that they would do it and would hold the defendants liable for the cost and expense, it was their duty to keep and produce accurate accounts thereof, and they could not prove such cost and expense by the evidence of experts as to the value. But the court gave to them the benefit of the testimony of experts introduced by the defendants, and, on that testimony, awarded to the claimants $16,250.95, for the labor done and materials furnished by them in constructing coffer-dams, and in performing the work necessarily connected therewith, and preliminary to the mason work for the piers and abutments referred to in the contract, the same being on account of item (1) above referred to. A judgment having been entered against the United States for that sum, both parties have appealed to this court, the claimants contending that $75,000 should have been allowed for item (1), and the defendants that nothing should have been allowed.

In regard to the view adopted by the Court of Claims, that the claimants have no right to rely on the testimony of experts introduced by them, but should have kept and produced accounts of the cost and expense of the work, we are of opinion that the claimants cannot be deprived of reasonable compensation for the work they did because the evidence they produce as to the proper amount of such compensation is not of the

character referred to, when it does not appear that such evidence ever existed. If they produce the best evidence which is accessible to them, and it enables the court to arrive at a proper conclusion, that is sufficient. We think such evidence is found in the estimate made by Mr. Abbott. Taking as correct the statement made by the Court of Claims as to the work done by the claimants and the defendants respectively, in constructing coffer-dams, in pumping, in excavating, and in preparing the beds for the masonry, we arrive at these results, as to the work done by the claimants:

They made the coffer-dam at the Davenport abutment; that at pier 1; part of that at pier 2 (it being completed by the defendants); all but the inside dam of that at pier 4; ⅓ of that at the upper rest of the draw; that at the pivot pier of the draw; that at the lower rest of the draw; and that at the Island abutment.

They did the pumping at the Davenport abutment; at pier 1; at the pivot pier of the draw; at the lower rest of the draw; and at the Island abutment.

They made the excavation at the upper rest of the draw; and that at the Island abutment.

They prepared the bed for the masonry at the Davenport abutment; at pier 1; at the upper rest of the draw; at the pivot pier of the draw; at the lower rest of the draw; and at the Island abutment.

Applying to the above work the estimates of Mr. Abbott, instead of those of Messrs. Scott and Stickney (which the Court of Claims adopted), we have these results, premising, that as Mr. Abbott's estimates are not made in separate specific items for dam, pumping, excavating, and preparing bed, respectively, in any case except that of the Davenport abutment, we have proceeded on the basis of taking (in regard to pier 2, pier 4, and the upper rest of the draw, where alone it was necessary), as and for Mr. Abbott's separate specific items, such proportion of his aggregate estimate as the corresponding specific item in the corresponding aggregate estimate of Mr. Scott bears to such last named aggregate estimate:

| | | |
|---|---:|---:|
| Davenport abutment—dam, pumping, and preparing bed........................................ ............ | $2,668 | 35 |
| Pier 1—dam, pumping, and preparing bed........ | 4,668 | 00 |
| Pier 2—part of dam; (the Court of Claims said that it had no means of knowing how much work the defendants did, and it deducted nothing therefor; we follow that suggestion, and allow the claimants for all the dam)............................. | 4,147 | 86 |
| Pier 4—all but the inside dam; (the Court of Claims said that it had no means of knowing how much work the defendants did, and it deducted nothing therefor; we follow that suggestion, and allow the claimants for all the dam)..................... | 5,793 | 83 |
| Upper rest of draw—⅓ of dam, of excavation, and of preparing bed............................ | 2,475 | 25 |
| Pivot pier of draw—dam, pumping, and preparing bed....................................... | 4,842 | 56 |
| Lower rest of draw—dam, pumping, and preparing bed....................................... | 3,698 | 19 |
| Island abutment—dam, pumping, excavation and preparing bed............................... | 3,780 | 98 |
| Total................................... | $32,075 | 02 |

Mr. Abbott says that his estimates "are based upon cost of material and labor, and intended to cover cost alone;" that 40 per cent. is "a reasonable per cent. of advance, for contingencies and profits;" and that, with unusual floods in the river, 40 per cent. would be a minimum allowance. The evidence shows that the claimants met with great difficulties because of floods and high water. Mr. Van Wagenen's estimate is $36,000. We have concluded to add 25 per cent. to the $32,075.02, that is, $8,018.75, making, in all, $40,093.77.

As to item (2), that relating to loss and damage resulting to the claimants in consequence of the reduction of the dimensions of the piers and abutments, made subsequently to the making of the contract, the claimants have appealed because nothing was allowed therefor. The Court of Claims held, that, if the

claimants were entitled to recover any sum in respect of that item, the sum was $3,066.42. But that court was of opinion that, in its judgment in favor of the claimants, in the suit at law, for $42,306.49, it had, in allowing $22,238.49, under item 5, as amended, "for handling, cutting, preparing and setting stone for and in the piers and abutments," allowed the following item :

"Stone received and handled, not set, and ready as
    backing to the 1,527 yards of the next preceding
    item" (that is, 1,527 yards of stone, dressed, not
    set), "an equal quantity, viz.: 1,527 cubic yards,
    at $11 per yard, less $2, which it would have cost
    to set it..............................$13,743.00;"

that, in such allowance, it had allowed a profit of $8.65 a yard on the 1,527 yards of undressed backing stone, being $13,208.55, which had been paid to the claimants ; that this was an allowance to the claimants of profits on masonry not constructed by them ; and that, although it could not be recovered back, its payment must operate as a bar to any further recovery for the same thing. We find, however, that, in the suit at law, item 3 claimed was "for loss of profits incurred by the unlawful reduction of the dimensions of the piers and abutments, $33,600 ;" and that in its conclusions of law, in the suit at law, the Court of Claims held that the claimants were not entitled to any recovery under item 3. Moreover, that court allowed the $13,743 referred to, as a part of item 5, as amended (above quoted), for doing to the stone in question everything but setting it, it being undressed stone, in other respects prepared. We are unable to perceive how such allowance can be classed as an allowance for loss and damage from a reduction of the dimensions of the piers and abutments.

We think the proper allowance for item (2) is this ; 449 yards for the three piers of the draw, at $10 per yard = $4,490 ; and 10⅚ yards for pier 1, at $8 per yard = $84.80—total, $4,574.80.

The only remaining question is as to interest, which the Court of Claims disallowed. We think that, under the ruling

in *Tillson* v. *United States,* 100 U. S. 43, interest cannot be allowed on either of the items in question. We do not see anything in the special statute, act of August 14, 1876, ch. 279, 19 Stat. 490, which takes the case out of the rule prescribed by § 1091 of the Revised Statutes.

The judgment of the Court of Claims is affirmed for the full amount of the award made to the claimants, and an additional amount, of $23,842.82, is allowed for the labor done and materials furnished by the claimants, in constructing coffer-dams, and in performing the work necessarily connected therewith, and preliminary to the mason work for the piers and abutments referred to in their contract, the same being an additional allowance on account of item (1) in their petition filed August 30, 1876; and the said judgment is reversed, so far as respects item (2) in that petition, and the sum of $4,574.80 is allowed for that item; and

*This cause is remanded to the Court of Claims, with a direction to enter judgment accordingly.*