## *In re* CHASE *et al.*

### *(Circuit Court, D. Massachusetts.* May 12, 1892.)

### No. 3,566.

CUSTOMS DUTIES—REVIEW OF GENERAL APPRAISERS' DECISION — INTEREST AND COSTS
AGAINST UNITED STATES.

On a review in the circuit court of a decision of the board of general appraisers,
under Act Cong. June 10, 1890, (26 St. p. 131,) no interest or costs can be recovered
against the United States in the absence of special statutory provision.

At Law.

Petition by L. C. Chase & Co. for a review of the decision of the board
of general appraisers as to the classification of common goat hair. The
board's decision was reversed, and the importers held entitled to a re-
turn of the excess of duties paid. 48 Fed. Rep. 630. The question
now is as to the liability of the United States for interest and costs.

The two opinions by the attorney general, referred to in the opinion
below as being decisive of this question, are as follows:

### DEPARTMENT OF JUSTICE.

#### WASHINGTON, D. C., August 7, 1891.

*The Secretary of the Treasury*—SIR: By your letter of July 31st you sub-
mit for opinion "whether or not any authority now exists in law for the pay-
ment of interest upon refunds made in conformity with judgments obtained
in cases of appeal under section 15 of the act of June 10, 1890, (26 St. p. 131,)
from decisions of the board of United States general appraisers." Section
15 provides that if the owner, importer, assignee, or agent of imported mer-
chandise is dissatisfied with the decision of the board of general appraisers,
he may, by complying with certain conditions in the section prescribed, have
a review of such decision in the nature of an appeal in the circuit court, "said
court to hear and determine the questions of law and fact involved in such
decision respecting the classification of such merchandise, and the rate of duty
imposed thereon under such classification; and the decision of such court shall
be final, and the proper collector or person acting as such shall liquidate the
entry accordingly," unless a further appeal and trial shall be had in the su-
preme court, as therein provided. It further provides that "all final judg-
ments, when in favor of the importer, shall be satisfied and paid by the sec-
retary of the treasury from the permanent, indefinite appropriation provided
for in section 23 (24) of this act." It will be seen from the foregoing that
the statute is silent in relation to interest. The proceeding is in the nature
of a suit against the United States. (See opinion of this date to the secretary
of the treasury in reference to fees of district attorneys, under this section.)
"The general rule is that interest is not allowable on claims against the gov-
ernment. The exceptions to this rule are found only in cases where the de-
mands are made under special contracts or special laws, expressly or by very
clear implication providing for the payment of interest. 7 Op. Attys. Gen.
523; 9 Op. Attys. Gen. 57. 'An obligation to pay it,' observes Attorney Gen-
eral Black in the opinion last cited, ' is not to be implied against the govern-
ment as it is against a private party from the mere fact that the principal was
detained from the creditor after his right to receive it had accrued.' " 17
Op. Attys. Gen. 318. This position finds abundant support in the decisions
of the supreme court. In *Tillson* v. *U. S.*, 100 U. S. 43, it is said: "Interest,
however, would have been recoverable against a citizen if the payments were
unreasonably delayed; but with the government the rule is different, for, in
addition to the practice which has long prevailed in the departments of not

allowing interest on claims presented, except it is in some way specially provided for, the statute under which the court of claims is organized expressly declares that no interest shall be allowed upon any claim up to the time of rendition of judgment therein in the court of claims, unless upon a contract expressly stipulating for interest." So in *U. S.* v. *Sherman*, 98 U. S. 565, it is said: "Before that time (certificate of probable cause) the government is under no obligation, and the secretary of the treasury is not at liberty to pay. When the obligation arises, it is an obligation to pay the amount recovered; that is, the amount for which judgment has been given. The act of congress says not a word about interest. Judgments, it is true, are by the law of South Carolina, as well as by federal legislation, declared to bear interest. Such legislation, however, has no application to the government. And the interest is no part of the amount recovered. It accrues only after the recovery has been had. Moreover, whenever interest is allowed, either by statute or by common law, except in cases where there has been a contract to pay interest, it is allowed for delay or default of the debtor. But delay or default cannot be attributed to the government. It is presumed to be always ready to pay what it owes." See *Harvey* v. *U. S.*, 113 U. S. 243, 5 Sup. Ct. Rep. 465. So, in *U. S.* v. *Bayard*, 127 U. S. 251, 8 Sup. Ct. Rep. 1156, this doctrine is forcibly reiterated. The court says:· "The case therefore falls within the well-settled principle that the United States are not liable to pay interest on claims against them, in the absence of express statutory provision to that effect. It has been established as a general rule in the practice of the government, that interest is not allowed on claims against it, whether such claims originate in contract or in tort, or whether they arise in the ordinary business of administration or under private acts of relief, passed by congress on special application. The only recognized exceptions are where the government stipulates to pay interest, and where interest is given expressly by an act of congress, either by the name of 'interest' or by that of 'damages.' " Your question is therefore answered in the negative.

Very respectfully, W. H. H. MILLER, Attorney General.

### DEPARTMENT OF JUSTICE.

WASHINGTON, D. C., December 10, 1891.

*The Secretary of the Treasury*—SIR: Your letter of November 12, 1891, submitting the question whether, in cases of judgments against the United States by circuit courts on appeals by importers from illegal assessments of duties by collectors of customs, the refund adjudged to be made by the United States includes costs. In my opinion costs are not and cannot be included in such judgments without some declaration of congress to that effect. As Chief Justice MARSHALL said in *U. S.* v. *Barker*, 2 Wheat. 395, in response to a motion for costs against the United States: "The United States never pay costs." In *U. S.* v. *Boyd*, 5 How. 29, 51, the court said: "Another ground upon which the judgment must be reversed is that a judgment for costs was rendered against the plaintiffs. The United States are not liable for costs." In the case of *The Antelope*, 12 Wheat. 546–549, the court says: "It is a general rule that no court can make a direct judgment or decree against the United States for costs and expenses in a suit to which the United States is a party, either on behalf of any suitor or any officer of the government. As to the officers of the government, the law expressly provides a different mode." See, also, *U. S.* v. *McLemore*, 4 How. 286. The proceedings instituted by importers by way of appeal to the courts under section 15 of the act of June 10, 1890, are suits against the United States, as was held by this department, after much consideration, in an opinion dated August 7, 1891, and therefore such proceedings as to costs against the United States fall directly within the rulings in the above cases.

Very respectfully yours, ——————, Attorney General.

*Josiah P. Tucker,* for petitioners.

*Frank D. Allen,* U. S. Atty., and *Henry A. Wyman,* Asst. U. S. Atty., for collector.

COLT, Circuit Judge.   Whatever may have been the practice under former statutes, I am of the opinion that under the act of June 10, 1890, (26 St. p. 131,) no interest or costs can be recovered against the United States, because the suit is, in substance, brought against the United States, and the act makes no provision for such payment.   Upon this point I can add nothing to the opinions of the attorney general under dates of August 7, 1891, and December 10, 1891.   The items of interest and costs may therefore be stricken from the judgment in the present case.