BEFORE THE FIRST DIVISION, JANUARY 16, 1957

**No. 60450.**—Shell Oil Company *v.* United States, protest 262049–K (Seattle).

Opinion by MOLLISON, J. It was stipulated that, due to strike conditions, it was impossible to unload 21,141.72 barrels of fuel oil at Vancouver, B. C., Canada; that, when said fuel oil was returned to the United States, it was assessed with an import tax; that the plaintiff was not granted a rate of drawback as to this merchandise and, for that reason, the collector waived production of the certificate of exportation; and that, in view of the fact that no foreign merchandise was loaded at Vancouver and the merchandise in question was entirely of American origin, the collector waived production of customs Form 129. It appearing from the facts recited in the stipulation that the involved merchandise is properly within the exemption provided by the statute and that the requirements of the statute and the applicable customs regulations have either been complied with or waived, the claim for free entry was sustained.

**No. 60451.**—Bloomingdale Bros. (A Div. of Fed. Dept. Stores, Inc.) *v.* United States, protests 270352–K and 275662–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiff was sustained.

**No. 60452.**—Gelatin Products Co. *v.* United States, protest 114980–K (Detroit).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of halibut-liver oil the same in all material respects as that the subject of *D. C. Andrews & Co., Inc.* v. *United States* (72 Treas. Dec. 383, T. D. 49190), the claim of the plaintiff was sustained.