(C.D. 2082)

SHELL OIL COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 18, 1959)

*David D. Ring* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Richard E. FitzGibbon* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; DONLON, J., concurring; RICHARDSON, J., dissenting.

JOHNSON, Judge: The issue in this case arises out of a decision and judgment of this court in *Shell Oil Company* v. *United States*, 38 Cust. Ct. 399, Abstract 60450, holding that certain fuel oil of American origin, which had been exported to Canada and returned, was entitled to free entry under paragraph 1615 of the Tariff Act of 1930, as amended. It is now claimed that the refund made by the collector

pursuant to the judgment constituted a refund of principal only and should have included an additional amount for interest.

The original protest was filed "against assessment of Internal Revenue Tax under I.R. Code 3422 of ⅛¢ per gallon on importation of 21,500 Barrels Bunker Fuel Oil, said merchandise being American merchandise returned," and it was claimed that no internal revenue tax should have been assessed on the importation. The case was submitted on a stipulation of fact, and, in its brief, plaintiff claimed it "should recover from defendant the amount of $1,160.25 paid as import tax on December 4, 1953, on the fuel oil together with interest thereon as provided by law: 26 USCA 3771 (now 26 USCA 6611)."

The decision rendered by the court sustained the claim for free entry under paragraph 1615 of the Tariff Act of 1930, as amended, and the judgment provided:

IT IS HEREBY ORDERED, ADJUDGED, and DECREED: that the protest claim for entry free of tax or duty under paragraph 1615 of the Tariff Act of 1930, as amended, be and the same is hereby sustained, and the Collector of Customs at the port of Seattle will reliquidate the entry accordingly.

Thereafter, the collector reliquidated the entry, allowing free entry of the merchandise and a refund in the sum of $1,160.25 was made. The protest now before us states:

\* \* \* \* \* \* \*

Protest is hereby made of the amount of said payment on the ground that the same constitutes a refund of principal only and does not include, as it should, any payment of interest.

\* \* \* \* \* \* \*

For the foregoing reasons, we protest the amount of the payment which has been made in this matter and respectfully request that you reconsider the same and that we be allowed interest from December 4, 1953, on the amount of the refund.

It is clear that the collector reliquidated the entry herein in accordance with the court's mandate. In fact, no claim is made in the protest that he did not. Such a reliquidation, following a decision and judgment of this court, is not a decision of the collector which is subject to protest under section 514 of the Tariff Act of 1930. *United States* v. *Edward M. Poons Co. of Kobe, Inc.*, 18 C.C.P.A. (Customs) 283, T.D. 44451; *Smith* v. *United States*, 1 Ct. Cust. Appls. 489, T.D. 31527; *Schenley Distilleries, Inc.* v. *United States*, 40 C.C.P.A. (Customs) 202, C.A.D. 519. In the case last cited, the court stated that there were two general classes of reliquidations: (a) Where the collector reconsiders and decides that an original liquidation by him was erroneous, and (b) where he reliquidates upon mandate from the courts. In the latter case, the court pointed out, the collector has no function to perform except the purely formal reliquidation and the decision is that

of the Customs Court, which, where no appeal is filed, becomes final and conclusive on all parties 60 days after its promulgation.

Furthermore, section 514 of the Tariff Act of 1930 provides:

\* \* \* The reliquidation of any entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

It has been held that one of the purposes of this language was—

\* \* \* to enable the customs authorities to correct error and leave these corrections subject to protest but not to open up for protest, after the sixty days from the original liquidation had expired, questions which could have been protested within sixty days from the prior liquidation. [*F. W. Woolworth Co.* v. *United States*, 26 C.C.P.A. (Customs) 157, 161, C.A.D. 10.]

See also *Los Angeles Trading Co.* v. *United States*, 1 Cust. Ct. 264, 266, C.D. 62, where the court said:

\* \* \* That claim could have been advanced on protest of the previous liquidation, but, not having been advanced then, now it is too late, for the reason that an *involuntary* reliquidation by the collector deals only with matters affected by the court's judgment and does not open up matters unaffected by the court's judgment to re-protest and judicial review. \* \* \* [Italics quoted.]

In the instant case, claim for interest from the date of payment of the tax by the importer could have been made in the original proceeding. It was not entirely overlooked, since it was mentioned in the plaintiff's brief, although not spelled out specifically in the protest. Since this claim could have been made and fully prosecuted in the first instance, the matter has become *res adjudicata. Smith* v. *United States, supra.*

Therefore, if the pleading before us is a protest against the collector's reliquidation in accordance with the court's mandate, it does not lie. If it is a new claim for the recovery of interest, it does not lie, because it does not state any of the grounds for protest set forth in section 514 of the Tariff Act of 1930.

For the reasons stated, the protest is dismissed.

### CONCURRING OPINION

DONLON, Judge: When this protest was before me initially, I concurred with Judge Johnson without opinion. In view of certain positions taken in the dissenting opinion now before me, I shall state briefly my views.

I concur with Judge Johnson that the protest should be dismissed. It is not sustainable as a protest against liquidation by the collector or against any decision the collector has made. Reliquidation was involuntary. It was made precisely in compliance with the judgment order of the court. The collector made no decision such as would

support protest, and, indeed, he then could make none. His only authority was to liquidate pursuant to the final judgment of the court. This he did.

Plaintiff's quarrel is with the judgment. The first division of this court, in its judgment entered January 16, 1957, did not include interest on the amount of tax refundable. The appropriate and only remedy of plaintiff, if it sought such interest, was to appeal from the judgment. Plaintiff did not appeal. The judgment was permitted to become final.

Clearly, protest does not lie against the judgment. Nor does it, in my opinion, lie against reliquidation pursuant to the judgment.

It would be *obiter dicta*, therefore, for me to express views on the merits of the issue plaintiff raises as to interest. From such judicial restraint, there may be inferred neither assent nor dissent with Judge Richardson's opinion as to a right to interest, properly asserted.

The protest does not state a cause of action. I concur that it should be dismissed.

#### DISSENTING OPINION

RICHARDSON, Judge: I do not feel that the protest should be dismissed, but that it should be disposed of on its merits. If the importer was entitled to interest on the amount of the refund under the statute, as it contends, interest would be a question involved in the reliquidation, whether or not it was specifically stated in the judgment of the court.

At the time the 21,141.72 barrels of oil involved in this case were returned to this country and discharged into storage facilities, the plaintiff was required to pay a tax on the fuel oil in the amount of $1,160.25, which was purportedly exacted under the provisions of chapter 29, subchapter B, sections 3420 and 3422 of title 26 of the United States Code.[1] Payment was made under protest.

Thereafter, plaintiff instituted proceedings to determine whether the tax on the fuel oil was properly exacted. The court found that the merchandise was entitled to entry free of tax or duty under paragraph 1615 of the Tariff Act of 1930, as amended, and ordered the collector of customs at the port of Seattle to reliquidate the entry accordingly. See *Shell Oil Company* v. *United States*, 38 Cust. Ct. 399, Abstract 60450. As a result of the reliquidation, the plaintiff received a refund

---

[1] § 3420. Imposition of tax.

In addition to any other tax or duty imposed by law, there shall be imposed upon the following articles imported into the United States unless treaty provisions of the United States otherwise provide a tax at the rates specified in sections 3422 to 3425, inclusive. (53 Stat. 414.)

§ 3422. Petroleum and derivatives.

. . . ; fuel oil derived from petroleum, . . . . The tax on the articles described in this section shall apply only with respect to the importation of such articles. (53 Stat. 414.)

in the amount of $1,160.25. The claim is now made that interest should have been allowed on the amount of the refund from the date on which plaintiff was required to pay the tax, December 4, 1953, to the date of the refund, March 20, 1957, at the rate of 6 per centum per annum.

The issue presented here is whether the recipient of a refund of an amount levied and collected on imported merchandise, by virtue of provisions enacted as part of the Internal Revenue Code, specifically sections 3420 and 3422, is entitled to interest on the amount refunded. The question appears to be one of first impression.

The plaintiff did not make a claim for interest in its original protest. This, of course, would not prevent the allowance of interest on the refund from being involved in the reliquidation, since interest recoverable under equitable principles, or *by virtue of statute*, need not be especially claimed in the pleading. 47 C.J.S. 77, section 74; *Norris* v. *Wynne et al.*, 22 So. 2d 730. When a refund of tax is made by the collector and interest is not included, and the party who succeeded in obtaining the refund claims that interest should have been added in the reliquidation by virtue of a statute, the Customs Court may take jurisdiction of a protest against the reliquidation to construe the statute and determine the merits of the claim. The court may properly consider a claim where all of the elements of recovery are not immediately apparent upon the face of the complaint.

It is a well-established principle that interest can be recovered against the United States only if Congress has expressly consented to such recovery. See *United States* v. *N.Y. Rayon Importing Co.*, 329 U.S. 654, 67 S. Ct. 601, and cases cited; *Angarica* v. *Bayard*, 127 U.S. 251. In the latter case, the Supreme Court said:

. . . It has been established, as a general rule, in the practice of the government, that interest is not allowed on claims against it, whether such claims originate in contract or in tort, and whether they arise in the ordinary business of administration or under private acts of relief, passed by Congress on special application. The only recognized exceptions are, where the government stipulates to pay interest and where interest is given expressly by an act of Congress, either by the name of interest or by that of damages.

Not only is this the general principle and settled rule of the executive department of the government, but it has been the rule of the legislative department, because Congress, though well knowing the rule observed at the Treasury, and frequently invited to change it, has refused to pass any general law for the allowance and payment of interest on claims against the government. Such statutes for the payment of interest as have been passed, apply to specific cases enumerated in the several statutes. . . .

The principle above stated is recognized by this court. In *Tillson* v. *United States*, 100 U.S. 43, 47, this court, speaking of the rule that interest is recoverable between citizens if a payment of money is unreasonably delayed, says that with the government the rule is different, and that the practice has long pre-

vailed in the departments of not allowing interest on claims presented, except it is in some way specially provided for. See also *Gordon* v. *United States*, 7 Wall. 188, and *Harvey* v. *United States*, 113 U.S. 243, 248, 249.

It is obvious, therefore, that the relief sought by plaintiff cannot be granted, in the absence of a showing of consent for the payment of interest translated into affirmative statutory terms. "The consent necessary to waive the traditional immunity must be express, and it must be strictly construed." *United States* v. *New York Rayon Co.*, *supra*.

It is the position of plaintiff that statutory consent is present. Plaintiff's contention is that since the refund in the instant case was that of a tax imposed under the provisions of a statute enacted as part of the Internal Revenue Code, it was a refund of an internal revenue tax expressly made subject to the payment of interest by 26 U.S.C., section 3771 (§ 3771 of the Internal Revenue Code), which declares in part that:

(a) Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the rate of 6 per centum per annum.

Defendant takes a divergent view and contends that the tax refunded was not an internal revenue tax but a customs duty and that refunds of such duties are not subject to the imposition of interest.

There is merit in the contention made by counsel for defendant. The proposition that taxes imposed on imports are essentially customs duties, regardless of how they may be designated by Congress, has repeatedly received judicial sanction. See *Faber, Coe & Gregg (Inc.)* v. *United States*, 19 C.C.P.A. (Customs) 8, T.D. 44851, and numerous cases cited therein; *United States* v. *Mitsui & Co., Ltd.*, 29 C.C.P.A. (Customs) 154, C.A.D. 185; *United States* v. *Wecoline Products Corp. (A. J. Murray & Co.)*, 29 C.C.P.A. (Customs) 161, C.A.D. 186. In the case of *Geo. S. Bush & Co., Inc.* v. *United States*, 32 C.C.P.A. (Customs) 56, C.A.D. 285, where a tax on imported merchandise, imposed under section 2490 of the Revenue Act of 1932, which contained language virtually the same as that of section 3420, *supra*, was under consideration, the court held that the tax so imposed was a tariff *duty* and was amendatory of the Tariff Act of 1930 and, in effect, said that this result was required by the language of section 2490.

Defendant's contention is also supported by legislative enactment. 26 U.S.C., section 3430, contained specific congressional direction to the effect that the tax involved in this case should be treated as a customs duty. It provided in pertinent part that:

The tax imposed by section 3420 shall be levied, assessed, collected, and paid in the same manner as a duty imposed by the Tariff Act of 1930, . . . and shall be treated for the purposes of *all provisions of law* relating to the customs revenue as a *duty* imposed by such Act, . . . . [Emphasis supplied.]

The plain and unambiguous language of this statutory provision and the decisions of the court in the cited cases compel the conclusion that the involved tax, though imposed under a provision enacted as part of the Internal Revenue Code, was essentially a customs duty and was to be regarded as a duty imposed under the Tariff Act of 1930, with certain exceptions not here pertinent. This explicit congressional direction with regard to the treatment of the tax negates completely, in my opinion, the applicability of section 3771, *supra*, and the contention of plaintiff that a refund thereof was subject to the imposition of interest, by virtue of its provisions, which authorize the payment of interest on refunds of internal revenue taxes and not on customs duties.

Plaintiff attempts to avoid the force and effect of section 3430, *supra*, and argues that since that section was enacted as a special administrative provision, the only effect to be ascribed to it was the requirement that internal revenue taxes on imports be handled administratively like customs duties. I do not agree that the effect of the section is so limited. But, even assuming the validity of this contention, it is noted that both sections of the statute upon which plaintiff relies, section 3771, *supra*, and section 3443 (c), *infra*, were included among the administrative provisions of the statute, which would seem to indicate that the payment of interest on refunds is considered a phase of the administrative procedure of the handling of such refunds. Reasoning from the premise that the involved tax must be treated for administrative purposes like a customs duty, it would logically follow that if refunds of customs duties do not bear interest, as is contended by defendant, a refund of the tax here involved must be accorded the same administrative treatment.

In a further effort to sustain its position, plaintiff directs the attention of the court to 26 U.S.C., section 3443 (c), and contends that even if it be assumed arguendo that the tax with which we are concerned is a customs duty, statutory authorization for the payment of interest is provided by that section of the statute. It reads as follows:

Interest shall be allowed at the rate of 6 per centum per annum with respect to any amount of tax under this chapter credited or refunded, except that no interest shall be allowed with respect to any amount of tax credited or refunded under the provisions of subsection (a) hereof.

Plaintiff reasons that since sections 3420 and 3422, *supra*, were a part of chapter 29, and since the present refund was not made under subsection (a), it was by the terms of section 3443 (c), *supra*, expressly made subject to the payment of interest. I cannot accede to this reasoning.

First, in my opinion, the effect of the congressional direction, alluded to heretofore, that the import tax be regarded and treated as a

duty under the tariff act, was to remove the tax from the operation of the statutory provision set forth immediately above, just as it negatived the applicability of section 3771, *supra*, and for the same reason.

Secondly, this provision has been presented for our consideration detached from the statutory section of which it was a part. Read out of context as quoted, it appears to support the claim made for interest on the refund. However, a portion of a section of a statute should not be isolated and considered separate and apart without regard to the scheme of the entire section. This is a principle so elementary as not to require citation of authority. An examination of the section (3443) of the Internal Revenue Code, from which plaintiff has taken the portion upon which it relies, discloses that it was entitled "Credits and refunds" and, with the exception of the paragraph quoted herein, the provisions of the entire section were devoted to a recital of the conditions and limitations under which a credit against or a refund of a tax under chapter 29 could have been allowed or made. Since division (c), set out above, was included in and made a part of this section specifically dealing with credits and refunds, I am convinced that its provisions were intended to operate only upon the credits and refunds made upon the conditions and limitations contained in the section and chapter of which it was a part. The instant refund did not fall within this category, but was refunded by virtue of an exemption from tariff duties contained in a provision of the Tariff Act of 1930, as I have already stated. Therefore, the provisions of section 3443 (c) could not be considered as providing authorization for the payment of interest on the involved refund, since a refund so made was not within the contemplation of the section.

The rule with regard to the traditional immunity of the United States from the payment of interest was recognized as applicable to refunds of customs duties by the court in the case of *In re Chase et al.*, 50 F. 695. There, the question arose under the Act of June 10, 1890, and the court held that interest on a refund of excess duties paid cannot be recovered against the United States, in the absence of a special statutory provision. I have found no congressional consent for the payment of interest on such refunds. The Tariff Act of 1930 is silent on the subject. The appropriation statute by which the money was made available to repay to importers the excess of deposits for unascertained customs duties, or duties or other moneys paid under protest, contained no provision for the recovery of interest. 31 U.S.C., section 711.

It is significant to note that the court has not been pointed to a single decision holding that interest could be recovered on refunds of taxes imposed on imports, nor to a single instance in which interest has been allowed as a matter of administrative practice, although statutory

provisions similar to those under consideration have been included in the Internal Revenue Code for a number of years, during which time many refunds must have been made.

Having concluded that the tax in question was, for the purposes of this case, a customs duty, and having further concluded that statutory authority for the payment of interest on refunds of customs duties was lacking, I am of the opinion that the collector of customs properly refused to allow interest on the amount refunded as a result of the reliquidation made pursuant to the judgment of the court in *Shell Oil Company* v. *United States*, *supra*, and that the protest should be overruled.